



STEPHAN C. WILLIAMS (SBN 37755)
Attorney at Law
1615 Bonanza Street, Suite 211
Walnut Creek, CA 94596
Tel: (925) 939-6822
Fax: (925) 939-6823
email: scwlaw@comcast.net

Attorney for Plaintiffs
MALAQUIAS REYNOSO and
CAYETANA REYNOSO

E-filing

FILED 2010 MAR -8 P 3:28 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SI

MALAQUIAS REYNOSO and CAYETANA REYNOSO,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, FEDERAL BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, MEGAN LONG, and DOES 1-40,

Defendants.

Civil Action No. CV 10 0984

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION AND DAMAGES**

**(42 U.S.C. Section 1983**

DEMAND FOR JURY TRIAL

Plaintiffs MALAQUIAS REYNOSO and CAYETANA REYNOSO hereby demand a trial by jury.

Plaintiffs allege:

1. This is an action brought under 42 U.S.C. § 1983 to recover damages against defendant City and County of San Francisco, for violation of plaintiff's right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is predicated on 26 U.S.C. §§ 1331 and 1343.

3. Plaintiffs, Malaquias Reynoso and Cayetana Reynoso are, and at all times mentioned in this complaint were, citizens of the United States, and residents of the City and County of San Francisco, California.

4. Defendant City and County of San Francisco, is, and at all times mentioned in this complaint was, a public entity of the State of California, organized and existing under the laws of the State of California, with the capacity to sue and be sued.

5. A substantial part of the events giving rise to this action occurred in the City and County of San Francisco, California. Venue is therefore proper under 28 U.S.C. § 1391(b).

6. Defendant ATF – Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, is a creature of the United States Government, and was a full participant in the illegal acts described hereafter.

7. Defendant Megan Long was, and at all times mentioned in this complaint, an agent of the defendant Federal Bureau of Alcohol, Tobacco, Firearms and Explosives.

8. Defendants Does 1 through 20 were, and at all times mentioned in this complaint, police officers, agents, who were employed by the San Francisco Police Department.

9. Defendants named herein as Does 21 through 40 were, and at all times mentioned in this complaint, agents of the Defendant, ATF – Federal Bureau of Alcohol, Tobacco, Firearms and Explosives.

10. Each of said defendants named in the paragraphs immediately above were, at all times mentioned in this complaint, acting in the course and scope of his or her employment with either the City and County of San Francisco, or the United States Government.

11. Defendant City and County of San Francisco, and Does through 20 were, at all times mentioned in this complaint, acting under color of state law.

12. Defendant Megan Long is sued in her individual and official capacity.

13. At or about 12:00 noon, on June 18, 2009, defendants, and each of them, wrongfully and unlawfully (a) entered plaintiffs' residence located at 726 Potrero Avenue, San Francisco, California; (b) threatened to mishandle the plaintiffs and to place them under arrest; (c) one or more

of the individual defendants shoved the plaintiffs and compelled them to sit down and remain seated for the entire period that the search occurred; (d) ordered and forced plaintiffs to sit and remain in a chair in the residence; (e) searched through all the rooms of the residence; (f) damaged various fixtures and furnishings in the process of the search; and (g) seized and carried from the premises currency from Mrs. Reynoso's bedroom and Mr. Reynoso's bedroom – together seizing over $200,000 in currency. Plaintiff's did not consent to the defendants' entry, or subsequent contact, but protested until their protests were overcome by the defendants, threats and shows of force.

14. In acting as alleged in this complaint, the defendants, and each of them, violated the plaintiffs' right to be free of unreasonable searches and seizures under the fourth and fourteenth amendment to the United States Constitution. Although, at all times herein mentioned, the defendants possessed a search warrant, said search warrant was issued without probable cause.

15. As a direct and proximate result of the defendants' actions, described in this complaint, plaintiffs' and each of them, suffered injury, loss and damage, including invasion of privacy, shock as to plaintiff Malaquias Reynoso, loss of liberty, emotional distress, pain, suffering, and property damage.

16. As a direct and proximate result of the defendants' actions as described above, plaintiffs had currency in excess of $200,000 seized from their premises, without the issuance of a receipt, and represents property of the plaintiffs that has never been returned to them.

17. As a result of defendants' conduct described in this complaint, plaintiff, Malaquias Reynoso, incurred medical expenses in the amount of $2,500.

18. As a result of defendants' conduct as described in this complaint, plaintiffs incurred property damage in the amount to be determined according to proof at trial.

19. In acting as is alleged in this complaint, defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for plaintiffs' regularly protected rights.

20. As a result of the defendants' actions, plaintiffs have suffered, and will continue to suffer, extreme hardship and actual and impending irreparable loss and damage, particularly in respect to the $200,000 plus dollars that was appropriated by said defendants. Plaintiffs' emotional

damages, resulting from said illegal acts, exceed $1,000,000.

21. Plaintiffs are informed and believe, and thereon allege, that defendants' investigation of the plaintiffs is continuing, and that the defendants may conduct another unlawful search and seizure of plaintiffs' property at any time.

22. Plaintiffs have no adequate or speedy remedy at law for the conduct of the defendants described above. This action for injunctive relief is plaintiffs' only means of securing prospective relief, preventing further unlawful searches and seizures of plaintiffs' property.

23. On September 2, 2009, plaintiffs filed with the appropriate agency of the City and County of San Francisco, a claim under the California Tort Claim Act. Said claim was denied on September 14, 2009. Therefore, all of the plaintiffs' administrative remedies have been complied with before bringing this lawsuit.

24. On November 3, 2009, plaintiffs filed with the Bureau of Alcohol, Tobacco, Firearms and Explosives Agency a claim under the Federal Tort Claims Act. It is assumed that the claim was denied, although the plaintiffs, or their attorney, received no notification of the rejection of the claim.

WHEREFORE, plaintiffs pray judgment against defendants as follows:

1. For a preliminary injunction ordering the defendants, and their officers, agents, employees, successors, and attorneys, and all those in active concert or participation with defendants, to (1) return all of the property of the plaintiffs that was seized on June 18, 2009, and to refrain immediately, and pending final hearing and resolution of this action, from further searches and seizures of plaintiffs' property without a search warrant, the issuance of which is supported by probable cause;

2. For a permanent injunction permanently enjoining and restraining defendants, and their officers, agents, employees, successors, and attorneys, and all those in active concert or participation with defendants from further searches and seizures of plaintiffs' property without a search warrant issued upon probable cause, and in absence of exigent circumstances allowing a search without a search warrant under applicable law;

3. For compensatory damages, in an amount to be determined according to proof at trial;

4. For punitive damages, in an amount to be determined according to proof at trial;

5. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

6. For costs of suit incurred in this action; and

7. For such other and further relief as the Court deems just and proper.

Dated: March 8, 2010

Respectfully submitted,

STEPHAN C. WILLIAMS
Attorney for Plaintiffs,
MALAQUIAS REYNOSO and
CAYETANA REYNOSO