IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALAQUIAS REYNOSO and CAYETANA REYNOSO<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO and UNITED STATES OF AMERICA<br><br>          Defendants.<br>_____ / | No. C 10-00984 SI<br><br>**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS, WITH LEAVE TO AMEND** |

Defendant United States of America's motion to dismiss is currently scheduled for hearing on May 6, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted,[1] and for good cause shown, the Court hereby GRANTS the United States's motion, with leave to amend.

**BACKGROUND**

In their original complaint, plaintiffs Malaquias Reynoso and Cayetana Reynoso sued the City and County of San Francisco; the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives; and federal agent Megan Long. Plaintiffs' claims relate to the execution of a search warrant at their home on June 18, 2009. Compl. (Doc. 1) ¶ 13. On March 30, 2011, plaintiffs filed an amended complaint,

---

[1] Plaintiffs did not file any opposition papers. On May 2, 2011, the week of the scheduled hearing, plaintiffs filed an ex parte application to defer the hearing, in which their attorney declared that "[d]ue to the fact that the Court did not possess by [sic - my?] office's current email address, the notice of said motion did not reach my attention until April 22nd or 23rd, 2011." Decl. of Stephen Williams (Doc. 36) at ¶ 4. Plaintiffs' ex parte application is DENIED, and plaintiffs' counsel is reminded that he is responsible for updating the Court if his contact information changes.

in which they named as defendants the City and County of San Francisco; and the United States of America. First Am. Compl. ("FAC") (Doc. 29).[2]

Plaintiffs allege that although the search was conducted with a warrant, the warrant was issued without probable cause, and the search was unreasonable. FAC ¶ 14. They allege that currency in excess of $200,000 was seized from their house, without the issuance of a receipt, and was never returned to them. FAC ¶ 16. They also allege that plaintiff Malaquias Reynoso incurred medical expenses in the amount of $2,500. FAC ¶ 17. They request the return of all property seized; that defendants refrain from further searches and seizures of plaintiffs' property without a search warrant supported by probable cause; a permanent injunction; compensatory damages; punitive damages; attorney's fees and costs. FAC.

The United States now moves to dismiss the complaint against it in its entirety, arguing that the Court lacks subject matter jurisdiction over the alleged claims and that plaintiffs have failed to state a claim upon which relief can be granted with respect to their claims for injunctive relief.

**LEGAL STANDARD**

Courts go through a two-step inquiry when determining whether the Federal Government and its agencies may be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475, 483–84 (1994). "The first inquiry is whether there has been a waiver of sovereign immunity." *Id.* at 484. The second inquiry is "whether the source of substantive law upon which the claimant relies provides an avenue for relief." *Id.*

**DISCUSSION**

In their First Amended Complaint, plaintiffs explain that "as to Defendant United States of America, this action is brought under 28 U.S.C. § 1346[b]—to recover damages against said Defendant for violation of the plaintiffs' right to free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution." First Am. Compl. ¶ 1. Plaintiffs appear to rely exclusively on section 1346(b) in making their claims for relief from the United States.

---

[2] On April 18, plaintiffs filed an ex parte motion for leave to file this amended complaint, which the Court granted on May 2. *See* Docs. 31 & 35.

Section 1346(b) is not a waiver of sovereign immunity for a constitutional tort claim against the United States, nor does it provide a cause of action for monetary or injunctive relief in this case. *See Meyer*, 510 U.S. at 477 ("[T]o be actionable under § 1346(b), a claim must allege, inter alia, that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.' A constitutional tort claim . . . could not contain such an allegation."). Therefore, the United States's motion to dismiss must be granted.

The next question is whether plaintiffs should be permitted to amend their complaint once again. It is not clear whether plaintiffs will be able to state a claim for injunctive relief against the United States. If plaintiffs wish to try, they should identify in the amended complaint the basis for the court's authority to grant the relief, and allege particular facts sufficient to support the relief. With regard to money damages, plaintiff may not bring their constitutional tort claim against the federal government or against a federal agency. It is possible, however, that they can state a claim against individual federal officers, if they are able to identify which officers are responsible for the alleged constitutional violations.[3]

---

[3] Plaintiffs have brought their claim against the City and County of San Francisco under 42 U.S.C. § 1983. The most congruous federal cause of action was discussed in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), where the Supreme Court held that an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent. *Id.* at 397. A *Bivens* action may be brought against an individual, but not against a federal agency. *Meyer*, 510 U.S. at 483–86 (explaining that "implied a cause of action against federal officials in *Bivens* in part *because* a direct action against the Government was not available" and that "the purpose of *Bivens* is to deter *the officer*" (emphasis original)).

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, the United States's motion to dismiss is GRANTED.  (Doc. 30.)  Plaintiff's ex parte motion to defer the hearing is DENIED.  (Doc. 36.) Plaintiffs may file a second amended complaint by **Tuesday, May 17. 2011**.[4]

**IT IS SO ORDERED.**

Dated:  May 3, 2011

SUSAN ILLSTON
United States District Judge

---

[4] The Court notes that a settlement conference is scheduled for May 25, 2011.  If they file an amended complaint, plaintiffs are urged to notify any party named as defendant of the settlement conference as soon as possible, whether by service of process or otherwise.

4