**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALAQUIAS REYNOSO and CAYETANA REYNOSO,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, TWENTY NAMES UNKNOWN OF POLICE OFFICERS OF SAID CITY AND COUNTY, sued herein as DOES 1 THROUGH 20; MEGAN LONG, in her official capacity and as an individual; and TWENTY UNKNOWN AGENTS OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (ATF), sued herein as DOES 21-40; UNITED STATES OF AMERICA,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　　／ | No. C 10-00984 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

　　　　Before the Court is the federal defendants' motion to dismiss plaintiffs' Third Amended Complaint ("TAC"), or in the alternative, for summary judgment. Pursuant to Civil Local Rule 7-1(b), the Court determined that the matter is suitable for resolution without oral argument, and vacated the hearing previously scheduled for February 24, 2012. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss, and DENIES defendants' alternative motion for summary judgment.

**BACKGROUND**

Plaintiffs Malaquias Reynoso and Cayetana Reynoso (the "Reynosos") allege that on June 18, 2009, their residence was unlawfully searched by officers of the San Francisco Police Department ("SFPD") and agents of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). TAC ¶¶ 16-18. Named defendant Agent Megan Long was in charge of the ATF agents who conducted the allegedly unlawful search. *Id*. at ¶ 10. The search began around twelve noon when defendants from the SFPD forcibly entered plaintiffs' residence. *Id*. at ¶ 16. Plaintiffs allege that defendants knew plaintiffs did not have a criminal record. *Id*. at ¶ 30. Despite this, defendants detained plaintiffs, who were in their seventies, for five hours by holding them at gunpoint and denied them unattended access to the bathroom and their medications. *Id*. at ¶ 35. At the conclusion of the search, plaintiffs allege that one or more agents of the search team seized $200,000 in cash from plaintiffs' residence without receipt of any kind, and without reporting the seizure on the search warrant. *Id*. at ¶ 43. Plaintiff Malaquias alleges that at the conclusion of the search, when he discovered the cash missing from his bedroom, he confronted defendant agents regarding the whereabouts of the cash. *Id*. at ¶ 44. He alleges that one of the departing officers "responded by pointing his loaded weapon at said plaintiff with the admonition to 'go back in that house or I'll blow you [sic] head off.'" *Id*.

Plaintiffs filed the operative complaint in this action on September 9, 2011. The TAC names the City and County of San Francisco, Twenty Unnamed Police Officers of the City, Agent Megan Long in her official capacity, Twenty Unknown ATF Agents, and the United States of America as defendants. With this motion Agent Megan Long and the United States (with the individual unnamed ATF agents, the "federal defendants") move to dismiss the TAC or, in the alternative, for summary judgment.

The TAC alleges six causes of action, five against the federal defendants. They include (1) plaintiffs' second cause of action: use of unreasonable force and restraint under 42 U.S.C. § 1988, and the Federal Tort Claims Act; (2) plaintiffs' third cause of action: use of unreasonable force and restraint and unlawful seizure of property under 42 U.S.C. § 1988 and the FTCA; (3) plaintiffs' fourth cause of action: intentional infliction of emotional distress; (4) plaintiffs' fifth cause of action: common law

2

conversion; and (5) plaintiffs' sixth cause of action: false imprisonment.[1]

**LEGAL STANDARD**

**I.    Motions to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**II.    Motions for Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

---

[1] Plaintiffs' first cause of action alleges use of unreasonable force and restraint against only the City and County of San Francisco and its agents. Compl. ¶¶ 28-32.

3

moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (observing that there is no genuine issue of fact "where the only evidence presented is 'uncorroborated and self-serving' testimony" (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c). Hearsay statements found in affidavits are inadmissible. *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

**DISCUSSION**

**I.      Claims Against the United States**

    **A.      Federal Claims**

The federal defendants move to dismiss plaintiffs' second and third FTCA causes of action against the United States, which allege the use of unreasonable force and unlawful seizure of property.

4

Defendants move on the ground that the United States is immune from suit except where it has waived sovereign immunity and consented to be sued, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); and that the FTCA constitutes the United States' exclusive waiver of sovereign immunity for tort actions. *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009). The FTCA does not waive sovereign immunity for constitutional tort claims. *Meyer*, 510 U.S. at 478.

The Court agrees. Plaintiffs' claims for use of unreasonable restraint, excessive force, and unlawful seizure of property are grounded in the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989) (claims of excessive force and unlawful seizure arise out of the Fourth Amendment). Plaintiffs cannot raise their constitutional tort claims under the FTCA. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' second and third causes of action as to the United States.

### B. State Claims

Plaintiffs' claims against the United States also include state tort claims for intentional infliction of emotional distress, common law conversion, and false imprisonment.[2] The FTCA waives sovereign immunity for tort claims against the government if they are "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Any claim asserted under the FTCA must lie in the law of the state where the act occurred. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). The FTCA contains a number of exceptions to the waiver of sovereign immunity. 28 U.S.C. § 2680.

#### 1. Intentional Infliction of Emotional Distress

The FTCA waives sovereign immunity for claims of intentional infliction of emotional distress.

---

[2] In their opposition to the instant motion, plaintiffs consent to dismissal of causes of action in which they allege that the search warrant was issued without probable cause or that the "USA's Agents engaged in an improper entry of the Plaintiff's premises."

5

*See Sheehan v. United States*, 896 F.2d 1168, 1172 (9th Cir. 1990) ("[A] claim based on conduct constituting the tort of intentional infliction of emotional distress is not excluded as a matter of law from FTCA.").

Defendants argue that plaintiffs have not stated a claim under state law for intentional infliction of emotional distress. Under California law, the elements of the tort of intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 649 P.2d 894, 901 (1982). "The defendant must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.' *Id*." *Christensen v. Superior Court*, 820 P.2d 181, 202 (Cal. 1991).

Plaintiffs have alleged that all of the defendants, federal and state, held them at constant gunpoint and denied them unattended access to the bathroom and any access to their medications for over five hours while they searched the house. Defendants knew that plaintiffs, who were in their seventies, had no criminal record. According to the complaint, the search resulted in Malaquias suffering a "complete physical and mental collapse, necessitating his being carried off to a hospital . . ." TAC ¶ 56. The Court finds that plaintiffs have sufficiently alleged a claim for intentional infliction of emotional distress and DENIES defendants' motion to dismiss plaintiffs' fourth cause of action as to defendant United States.

### 2. Conversion

Defendants argue that the claim for conversion fails because it falls within the "detention of goods" exception to the FTCA. *See* 28 U.S.C. § 2680(c) ("[S]ection 1346(b) of this title shall not apply to . . . [a]ny claim arising in respect . . . [to] the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."). They contend that the seizure of the $200,000, as pled, was a "detention of goods" and therefore falls within the exception to the sovereign immunity waiver of § 2680(c). Defs' Reply at 5; *see Kosak v. United States*, 465 U.S.

1   848, 854 (1984) ("'any claim arising in respect of' the detention of goods means any claim 'arising out
2   of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained
3   property.'" (citing 28 U.S.C. § 2680(c).

4   The Court disagrees that the "detention of goods" exception to the FTCA applies. The § 2680(c)
5   exception does not encompass the type of conversion alleged here. A conversion involves wrongful
6   dispensation of property rights, while detention merely involves taking custody of property.[3] Here,
7   plaintiffs allege that defendants took $200,000 in cash without reporting it at all; in effect, they
8   Reynosos are alleging that it was stolen by the agents. Defendants never asserted that they were taking
9   custody of the property or otherwise detaining it. As pled in the complaint, the cash was removed
10  without notice from the house; when questioned about it by Malaquias, an officer pointed a gun at him
11  and demanded he return to the house. TAC ¶ 44. The Court finds that the detention of goods exception
12  does not apply in these circumstances.

13  Under California law, "the elements of a conversion are the plaintiff's ownership or right to
14  possession of the property at the time of the conversion; the defendant's conversion by a wrongful act
15  or disposition of property rights; and damages." *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208,
16  221 (2003). Plaintiffs have alleged that defendants took $200,000 in cash at the end of the search
17  without receipt of any kind and without reporting the seizure on the search warrant. The Court finds
18  that plaintiffs have adequately alleged facts to sustain a claim for conversion.

### 3. False Imprisonment

21  The government does not challenge the sufficiency of plaintiffs' allegation of false
22  imprisonment against the United States for the purposes of this motion to dismiss. Defs' Reply at 6.[4]
23  Accordingly, the Court DENIES defendants' motion to dismiss plaintiffs' sixth cause of action as to

---

[3] Indeed section 2680(c) itself cancels the exception – and thus restores the waiver of sovereign immunity – for property "seized for the purpose of forfeiture." The implication is that in certain cases where the government dispenses with a person's right to their property, the United States has waived its sovereign immunity.

[4] Defendants ask for summary judgment for defendant Megan Long on this claim under a theory of qualified immunity. This is discussed *infra,* sec. II(B).

7

defendant United States.

#### 4. Summary Judgment

Defendants alternatively ask the Court to provide summary judgment on plaintiffs' state tort claims against the United States. Given the facts asserted in the Declaration of Malaquias Reynoso, which are in accord with the facts recited above regarding defendants' motion to dismiss plaintiffs' claims for intentional infliction of emotional distress, conversion, and false imprisonment, the Court finds there remain genuine issues of material fact raised by plaintiffs. For example, questions remain regarding the existence of the $200,000 in cash and whether state or federal agents held plaintiffs at gunpoint. As plaintiffs are the non-moving party, the Court DENIES summary judgment for defendants regarding plaintiffs' claims for intentional infliction of emotional distress, conversion, and false imprisonment.

## II. Individual Federal Defendants
### A. Federal Claims
#### 1. Section 1983

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. 42 U.S.C. § 1983. Section 1983 authorizes suit against persons, not the government itself. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). Federal officials are generally not liable under § 1983 unless they are acting under color of state law. *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963). They may, however, be liable under Section 1983 "if they are found to have conspired with or acted in concert with state officials to some substantial degree." *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992). To transform a federal official into a state actor,

> the appellees must show that there is a "'symbiotic relationship' between the [federal defendants] and the state such that the challenged action can 'fairly be attributed to the state.'" *Johnson v. Orr*, 780 F.2d 386, 390 (3rd Cir.1986) (citing *Krynicky v. University of Pittsburgh*, 742 F.2d 94, 99 (3rd Cir.1984)). *See also Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986) ("Federal officers acting under federal authority are immune from suit unless the state or its agents significantly participated in the challenged activity.")

*Cabrera*, 973 F.2d at 742-43.

Here, plaintiffs have sufficiently alleged a "symbiotic relationship" between the federal defendants and the state to claim liability under § 1983. *Johnson*, 780 F.2d at 390. The SFPD conducted the initial entry into plaintiffs' residence. After the premises was secured, the ATF agents "merely substituted themselves for the agents of the City and County of San Francisco in the break-in of plaintiffs' home and took up the search and seizure initiated by the City and County of San Francisco authorities." Pls' Opp. at 10-11; *see also* Compl. ¶¶ 35, 42, 43. The federal defendants "significantly participated" in the search in question and therefore acted under color of state law. Plaintiffs can proceed under Section 1983 against Megan Long and the 20 Unknown ATF agents.[5]

Plaintiffs allege Section 1983 claims for unreasonable restraint, excessive force, and unlawful seizure. These claims arise out of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Claims under the Fourth Amendment are judged under the Fourth Amendment's reasonableness standard. *Id.* at 395. Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake. *Id*. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). "Proper application [of the reasonableness test] requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.

Here, the complaint alleges that defendants knew that plaintiffs had no criminal record and were in their seventies. As alleged, plaintiffs themselves were not in possession of the guns in question. The complaint contains no reference to a gun being removed from the house. Furthermore, plaintiffs never resisted nor evaded arrest. In spite of this, defendants allegedly kept plaintiffs at gun point for five

---

[5]The "20 unknown ATF agents" are currently designated Doe Defendants 21-40. The Court will discuss with the parties a schedule for naming or dismissing these Doe Defendants at the next Case Management Conference. As to the original Doe Defendants 1-20, who were unknown San Francisco police officers, plaintiffs were required to serve or dismiss them by January 13, 2012. None of them was served; all are accordingly. DISMISSED.

9

hours while they searched the premises, refusing them access to medication and unattended use of the bathroom. Plaintiffs have alleged claims for excessive force and unreasonable restraint. Defendants' motion to dismiss is DENIED as to plaintiffs' second and third causes of action as to the individual federal defendants.

As to plaintiffs' claims for unlawful seizure, plaintiffs allege that defendants seized $200,000 in cash with no receipt and without listing the cash as a seized item on the search warrant. Defendants now deny they seized the $200,000. Defs' Motion to Dismiss at 22. At this stage, the Court must take the allegations of the complaint as true. Accordingly, the Court finds that plaintiffs have sufficiently stated a cause of action for unlawful seizure.

### 2. *Bivens* Claims Against the Individual Federal Defendants

Plaintiffs allege that the individual federal defendants' actions during the search violated their First, Fourth, and Fifth amendment rights. Compl. ¶¶ 36, 45. *Bivens* authorizes relief in the form of monetary damages for any person whose constitutional rights are violated by a federal official. *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 397 (1971). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1989). Plaintiffs allege that all defendants acted "knowingly, willfully, and maliciously, and with reckless and callous disregard for plaintiffs' constitutional [sic] protected rights." Compl. ¶ 24.

For the same reasons stated above with respect to the § 1983 claims, see II(A)(1)., the Court finds that plaintiffs have sufficiently alleged a cause of action for unreasonable restraint, excessive force, and unlawful seizure. Defendants' motion to dismiss is DENIED as to plaintiffs' second and third causes of action for the individual federal defendants.

Defendants alternatively move for summary judgment on plaintiffs' constitutional claims. "If a plaintiff cannot in its summary judgment motion factual submissions connect any particular defendant to the incidents giving rise to liability, that defendant is entitled to summary judgment." *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir 2001). Plaintiffs state that Agent Long "appeared to be in charge of the ATF group of agent, [sic] since she was giving orders to the other agents." Declaration of

10

Malaquias Reynoso at 2. He then asserts the same facts as those in the complaint: "my wife and I were forced to sit on the family couch located in the living room and were kept under constant gun point," "we were refused permission to seek and take our required medication," and "Megan Long, or one of the other agents she controlled, demanded I give her/him the key to my locked closet located in my bedroom" where the $200,000 in cash, which was missing after the search, was located. *Id.* at 2-3. Defendants have not established that any of these facts are false. Plaintiff Malaquias's declaration creates a genuine dispute of material fact as to the actions of the individual federal defendants, which must be resolved in the favor of the non-moving party. Accordingly, the Court DENIES defendants' motion for summary judgment as to plaintiffs' second and third causes of action.

### B. State Claims Against the Individual Federal Defendants.

For the reasons stated above (see *supra* I(B)(1)-(3), the Court finds that plaintiffs have adequately alleged claims under California law for intentional infliction of emotional distress, conversion, and false imprisonment.

The government argues that defendant Long is entitled to summary judgment on the issue of qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a two-pronged test to determine whether qualified immunity exists. First, the court asks: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. If no constitutional right was violated if the facts were as alleged, the inquiry ends and defendants prevail. *Id.* If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established . . . The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201-02 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Although *Saucier* required courts to address the questions in the particular sequence set out above, courts now have the discretion to decide which prong to address first, in light of the particular circumstances of each case. *See Pearson v. Callahan*, 553 U.S. 223, 236 (2009).

Given that Agent Long is alleged to have been in charge of and supervised the search and that the defendants are alleged to have held plaintiffs at gun point for over five hours, and that $200,000 disappeared, the Court finds that plaintiffs have created disputed material facts that counsel against finding Agent Long's conduct was reasonable. The Court therefore declines to find that Agent Long is entitled to qualified immunity at this time. Accordingly, defendants' motion for summary judgment as to Megan Long is DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss plaintiffs' second and third causes of action against the United States. The Court DENIES defendants' motion to dismiss as to all other causes of action for all federal defendants. The Court DENIES defendants' alternative motion for summary judgment. [docket 60]. The Court DISMISSES the unnamed San Francisco police officer Doe Defendants.

**IT IS SO ORDERED.**

Dated: February 28, 2012

SUSAN ILLSTON
United States District Judge