UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MALAQUIAS REYNOSO, ET AL., | No. C 10-0984 MEJ (LB) |
| PLAINTIFFS, | |
| v. | **ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO, ET AL., | |
| Defendants. | |
| _____/ | |

The court held a settlement conference today with counsel only in anticipation of the in-person settlement conference (including parties) set for January 10, 2014 at 11:00 a.m. Defendants' counsel appeared in person as the court ordered. *See* ECF Nos. 155, 156, 157. Plaintiffs' counsel Keith Oliver did not call chambers as the court ordered him to. *See* ECF No. 157 (providing dial-in instructions and number). The court's orders about the settlement conference are filed as orders attached to the electronic docket and as text entries that can be read on smartphones or computers without logging onto ECF (and paying any attendant costs).

When Mr. Oliver failed to call in, the court called him. His number on the docket sheet is 415-512-7353, but that number has been disconnected, which the court verified. The state bar website lists a new number of 415-613-2919. *See* http://members.calbar.ca.gov/fal/Member/Detail/257837 (accessed on January 7, 2014). The court's call to that number went directly to voice mail with the identifier "Keith Oliver" and an automated message that the mailbox was full.

ORDER (C10-0984 MEJ (LB))

Defendants' counsel also tried to ensure Mr. Oliver's participation and compliance with the court's orders. *See* ECF No. 158. They called him at the old number, found the new number, emailed him at his two email addresses (including the official email address listed with the court and reflected on the docket sheet), faxed him at his two fax numbers (receiving a confirmation from one number), left phone messages at the 415-613-2919 number, and attempted a hand delivery to his office. *See id.* They received no response from Mr. Oliver.

The court's order for an in-person settlement conference remains in effect for Friday, January 10, 2014 at 11:00 a.m. All counsel and all clients are to appear in-person for the settlement conference. Mr. Oliver is directed to comply with all of the court's previous orders, including ensuring his clients' in-person appearance. Plaintiffs and Mr. Oliver are warned that a continued failure to comply with the court's orders or appear at hearings (including the settlement conferences) may be grounds for monetary or other appropriate sanctions, including terminating sanctions.

By no later than noon on January 9, 2014, Mr. Oliver must inform Plaintiffs of the sanctions that this continued conduct risks, including possible monetary sanctions and, ultimately, a case-dispositive sanction that would result in the dismissal of Plaintiffs' case for failure to prosecute.[1]

The court will issue this order as an order attached to the electronic docket sheet and as a text entry. The court will send a copy of the text entry (and the attached filed order) to Mr. Oliver's email on the docket sheet (krolegal@gmail.com) and his email address listed on the bar's website (oliverlc@inbox.com).

**IT IS SO ORDERED.**

Dated: January 7, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "But only unreasonable delay will support a dismissal for lack of prosecution." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added)

ORDER (C10-0984 MEJ (LB))

2