UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALAQUIAS REYNOSO, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

Defendants.

Case No.  10-cv-00984-MEJ

**ORDER VACATING HEARING;
DENYING PLAINTIFF'S MOTION TO
SET ASIDE SETTLEMENT AND
DISMISSAL**

Re: Dkt. No. 169

## INTRODUCTION

In March 2010, plaintiffs Malaquias and Cayenta Reynoso ("Plaintiffs") initiated an action against defendants the City and County of San Francisco (the "City"); the United States; the Bureau of Alcohol, Tobacco, and Firearms ("ATF"); and ATF Agent Megan Long (together, "Defendants").  *See* Compl., Dkt. No. 1.  In May 2014, the Court dismissed this case after the parties settled their dispute and requested the action be dismissed with prejudice.  *See* Dkt. No. 165.  Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs now move the Court to set aside the settlement and dismissal.  *See* Mot., Dkt. No. 169.  The City filed an Opposition (City Opp'n, Dkt. No. 176); the United States and Agent Long filed a separate Opposition (Fed. Opp'n, Dkt. No. 178).  Plaintiffs did not file a reply.

Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and **VACATES** the September 1, 2016 hearing.  Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Motion.

//

//

United States District Court
Northern District of California

**BACKGROUND**

Plaintiffs allege that on June 18, 2009, San Francisco Police Department officers and ATF agents unlawfully entered and searched Plaintiffs' home, caused considerable property damage, and seized $200,000 cash.  Third Am. Compl. ¶¶ 16, 18, 30, 35, 43, Dkt. No. 57.[1]

On January 10, 2014, Plaintiffs appeared before the Honorable Laurel Beeler for a settlement conference.  *See* Dkt. No. 162.  They were represented by an attorney and were provided a certified Spanish interpreter.  Hg. Tr. at 1-3, Dkt. No. 175.  That day, the parties reached a settlement and read the terms of the settlement into the record.  On the record, Judge Beeler summarized the settlement and asked Plaintiffs if they understood and accepted its terms.  She stated, "The settlement of the case is for $30,000.  That $30,000 will go directly to the [Plaintiffs.]. . .  That payment is in return for the dismissal of the case; that is, all claims, all defendants, with prejudice."  *Id*. at 4:7-11.  She further explained the written settlement agreement would "include[] a release of any and all claims for the subject matter of the case . . . .  that were brought or could have been brought, arising out of the subject matter – out of the case."  *Id*. at 4:12-20.  Judge Beeler then specifically asked Plaintiffs, through the interpreter, "[d]o you understand the terms of the settlement agreement as I recited them to you, the $30,000 payment in return for dismissal of all the claims?  Do you understand the settlement?"  *Id*. at 7:13-16.  Mr. Reynoso expressed disappointment with the settlement amount, and Judge Beeler asked him again, "[t]he question is do you understand it? . . . Do you understand the terms?"  *Id*. at 7:19-22.  Mr. Reynoso indicated he understood.  *Id*. at 7:23.  Judge Beeler then asked Mrs. Reynoso if she understood, and Mrs. Reynoso indicated she did.  *Id*. at 7:24-25.  Judge Beeler asked Plaintiffs if they understood that, "if you accept the terms of the settlement, it ends the case and you can't reopen it?"  *Id*. at 8:1-6.  Both Plaintiffs indicated they understood.  *Id*. at 8:4-7.  Finally, Judge Beeler asked Plaintiffs if they accepted the terms of the settlement agreement.  *Id*. at 8:8-17.  Mrs.

---

[1] This case was originally assigned to the Honorable Susan Illston.  A detailed factual background can be found in Judge Illston's Order Regarding Defendants' Motion to Dismiss the Third Amended Complaint.  Dkt. No. 74 at 2-3.  After Judge Illston issued that order, the parties consented to this Court's jurisdiction (Dkt. No. 97), and the matter was reassigned to the undersigned.

United States District Court
Northern District of California

1    Reynoso indicated she did; after reiterating his disappointment with the amount being offered to

2    settle his claims, Mr. Reynoso also indicated he accepted the terms.  *Id*.

3        The parties then expressed their agreement in a written Stipulation for Compromise

4    Settlement and Release ("Stipulation for Settlement").  Stip. for Settlement, Dkt. No. 164.  That

5    document provides the parties "do hereby compromise each and every claim of any kind, whether

6    known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the

7    above-captioned action under the terms and conditions set forth in this Agreement."  *Id*. at 2.  It

8    states the $30,000 settlement amount "shall be in full settlement and satisfaction of any and all

9    claims, demands, rights, and causes of action of whatsoever kind and nature, arising from . . . the

10   subject matter of this settlement."  *Id*.  It contains a separate release clause wherein Plaintiffs

11   reiterate the release of all claims relating to the subject matter and also a waiver of California Civil

12   Code § 1542.  *Id*. at 3-4.  The Stipulation for Settlement further represents that the parties have

13   "had the contents of the Agreement fully explained" to them "by counsel, that each party has had

14   the opportunity to obtain translation services to ensure proper translation of the contents of this

15   agreement and is fully aware of and understands all of the terms of the Agreement and the legal

16   consequences thereof."  *Id*. at 4.  Plaintiffs signed the document.  *Id*. at 5.  The Court granted the

17   Stipulation for Settlement on January 16, 2014, and dismissed the case on May 20, 2014 after the

18   parties filed a stipulation of dismissal.  Dkt. Nos. 165, 167.

19       Throughout the proceedings leading up to the January 2014 settlement conference,

20   Plaintiffs' attorneys repeatedly missed Court-ordered deadlines and failed to respond to Court

21   orders.  Plaintiffs' first attorney was suspended from practicing law during his representation of

22   Plaintiffs in this matter; he subsequently resigned from the State Bar of California while

23   disciplinary charges against him were pending.  Mot. at 6; Higginbotham Decl. ¶ 22.  Plaintiffs'

24   second attorney was sanctioned by this Court for failing to obey Court orders (although the

25   sanction was subsequently discharged).  Dkt. Nos. 151, 163.  The second attorney subsequently

26   was disbarred.

27       In February 2014, three of the officers who raided Plaintiffs' home were indicted for

28   corruption and conspiracy to commit theft; they either entered into a plea agreement or were

United States District Court
Northern District of California

3

1    convicted of several charges.  Mot. at 5-6; Higginbotham Decl. ¶¶ 15-18, Dkt. No. 169-1.

2                                    **LEGAL STANDARD**

3           Pursuant to Rule 60(b), a party can obtain relief "from a final judgment, order, or

4    proceeding" on a number of specified grounds and for "any other reason that justifies relief" (Fed.

5    R. Civ. P. 60(b)(6)).  A Rule 60(b)(6) motion "must be made within a reasonable time."  Fed. R.

6    Civ. P. 60(c)(1).

7           However, relief from judgment under Rule 60(b)(6) is only available in "extraordinary

8    circumstances."  *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006)

9    (Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be

10   utilized only where extraordinary circumstances prevented a party from taking timely action to

11   prevent or correct an erroneous judgment.") (citations omitted)).  The party seeking relief under

12   Rule 60(b)(6) bears the burden of demonstrating "both injury and circumstances beyond his

13   control that prevented him from proceeding with . . . the action in a proper fashion."  *Community*

14   *Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) ("*Tani*").  Courts have held that only

15   "gross negligence" that amounts to "virtual abandonment" by an attorney constitutes

16   circumstances that justify setting aside a judgment under Rule 60(b)(6).  *See Lal v. California*, 610

17   F.3d 518, 525 (9th Cir. 2010); *Latshaw*, 452 F.3d at 1103.

18          But whereas courts in the Ninth Circuit have relieved parties from judgment where the

19   gross negligence of an attorney resulted in a default judgment or dismissal for failure to prosecute,

20   they have declined to relieve parties pursuant to Rule 60(b)(6) where the judgment was based on a

21   settlement.  *See Latshaw*, 452 F.3d at 1103-04 ("We decline to extend the holding of *Tani* to the

22   context of Rule 68 judgments and therefore conclude that [the attorney's] gross negligence does

23   not provide grounds to vacate the judgment under Rule 60(b)(6)."); *see also United States v. Bank*

24   *of New York*, 14 F.3d 756, 760 (2d Cir. 1994) (where parties in criminal action "made free,

25   bilateral decision to settle" court declined to set aside dismissal under Rule 60(b)(6) because "[a]

26   failure to properly estimate the loss or gain from entering a settlement agreement is not an

27

28

United States District Court
Northern District of California

1   extraordinary circumstance that justifies relief under Rule 60(b)(6)" (citation omitted)).[2]

2   **DISCUSSION**

3   Plaintiffs seek relief because, after they entered into the Stipulation for Settlement in

4   January 2014, three of the officers who allegedly stole their property were indicted on similar

5   criminal charges. *See* Mot. at 3-6. After the Court dismissed this case pursuant to the terms of the

6   Stipulation for Settlement, the three officers either pleaded to, or were convicted of, those charges.

7   *Id*. Plaintiffs contend the criminal convictions would have supported their claims in this civil

8   case; they further contend they were prevented from using the information because their lawyer

9   coerced them into settling after this Court threatened to dismiss the action. *Id*. at 8-10. Plaintiffs

10  argue their Motion, despite being filed more than two years after judgment was entered, is timely

11  because the delay was due to the incompetence of their prior counsel. *Id*. at 10-11. Plaintiffs'

12  arguments are defeated by the facts and the law.

13  **A.      Rule 60(b)(6) Does Not Apply To Settlements**

14  Because they voluntarily settled their claims, Plaintiffs cannot invoke Rule 60(b)(6) to

15  obtain relief from judgment. While the Ninth Circuit does not favor default judgments and similar

16  outcomes that dismiss claims without assessing them on their merits, it encourages voluntary

17  settlements. *Compare Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[D]efault

18  judgments are ordinarily disfavored. Cases should be decided upon their merits whenever

19  reasonably possible"), *with United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977) ("We are

20  committed to the rule that the law favors and encourages compromise settlements."). The Court

21  did not enter default judgment against Plaintiffs or dismiss their case for failure to prosecute; it

22  dismissed the case based on the stipulation of the parties, which the parties filed after settling.

23  The Ninth Circuit has declined to apply Rule 60(b)(6) to set aside judgments entered

24  pursuant to a settlement. *See Latshaw*, 452 F.3d at 1099. For instance, the plaintiff in *Latshaw*

25  _____

26  [2] *Cf. Marcotte v. Burlington N. Santa Fe Rail Corp*., 2007 WL 5685130, at *18 (D. N.M. Oct. 11, 2007) (while some Circuits do not impose "a heightened standard" on parties seeking relief from

27  judgments entered as the result of settlements, all courts agree "that a movant cannot obtain relief under rule 60(b) because he simply misunderstands or fails to predict the legal consequences of his

28  deliberate acts" (citation and internal quotation marks omitted)).

United States District Court
Northern District of California

originally felt the settlement offer she received was "grossly insufficient." *Id.* But after her

attorneys told her they would resign if she did not accept the offer, and erroneously told her she

would be responsible for defendants' "enormous" attorneys' fees and costs if the offer exceeded

her final judgment, she "reluctantly signed" the Rule 68 offer of judgment[3] "because [she] felt

[she] had no choice." *Id.* at 1100. The Ninth Circuit emphasized *Tani* had been decided in the

context of a default judgment, and observed: "Rule 68 judgments and default judgments are quite

different. Default judgments are disfavored and appropriate only in unique circumstances. [ ]

Rule 68 offers and acceptances, however, are actively supported by courts. Indeed, the very

purpose of Rule 68 is to encourage termination of litigation." *Id.* at 1103 (citations omitted). It

therefore declined to extend the holding of *Tani* to Rule 68 judgments and concluded the

plaintiff's attorneys' gross negligence did not provide grounds to vacate that judgment. *Id.* at

1104.

Although Plaintiffs settled their case after attending a court-ordered settlement conference

rather than by accepting a Rule 68 offer of judgment, the principles animating the Ninth Circuit's

decision in *Latshaw* are equally acceptable to this type of settlement. Settlements are actively

supported by courts whether they are reached through a Rule 68 offer or a settlement conference.

*See* Dispute Resolution Procedures in the Northern District of California, Preface (available on the

Court's website at www.cand.uscourts.gov/adrhandbook). The Court accordingly declines to

apply Rule 60(b)(6) in this case.

**B.      No Extraordinary Circumstances Exist Warranting Relief**

Even if Rule 60(b)(6) applied to a judgment entered pursuant to a settlement, Plaintiffs

have not established "extraordinary circumstances" warranting relief from judgment.

First, Plaintiffs have not demonstrated their attorneys' negligence amounted to "virtual

---

[3] A Rule 68 Offer of Judgment allows a defendant to serve an offer to allow judgment on specified terms, with costs accrued. Fed. R. Civ. P. 68. The opposing party may accept the offer to settle the case on those terms, and judgment then will be entered. Fed. R. Civ. P. 68(a). If the opposing party does not accept the offer, it will be responsible for paying the costs incurred by the defendant after the offer is made if the judgment the opposing party finally obtains is not more favorable than the offer. Fed. R. Civ. P. 68(d).

United States District Court
Northern District of California

abandonment." *Lal*, 610 F.3d at 525.[4]  Their attorneys opposed three motions to dismiss and filed several amended complaints; proceeded to address the merits of the case after partially succeeding in opposing a third motion to dismiss; conducted discovery; briefed multiple summary judgment motions; attended several settlement conferences; and finalized the settlement terms that formed the basis of the Stipulated Dismissal.  While the representation was by no means exemplary and drew the Court's attention at several points, it does not amount to the negligence courts have found sufficient to warrant relief under Rule 60(b)(6).  *Cf. Tani*, 282 F.3d at 1171 (granting relief from default judgment where client "receiv[ed] practically no representation at all" because attorney failed to sign stipulation to extend time to file an answer; timely file answer; serve copy of answer on plaintiff and contact plaintiff to conduct settlement discussions despite court orders; oppose motion to strike answer; and attend hearings); *Lal*, 610 F.3d at 525 (granting relief from dismissal based on failure to prosecute where attorney (1) despite court orders, failed to make initial disclosures; meet and confer or participate in joint case management conference; and attend hearings, and (2) told client case was moving forward even after it had been dismissed and lied to client by telling her discovery and motion practice were proceeding).  Plaintiffs' attorneys' negligence was not such that the Court dismissed the case; it did not rise to the level of "gross negligence" sufficient to warrant relief here.

Second, Plaintiffs' contention they settled for $30,000 because of "[t]he threat of dismissal for failure to prosecute . . . issued by the Court" (Mot. at 8), does not alter the Court's analysis. Prior to the January 10, 2014 settlement conference, Judge Beeler issued an order warning Plaintiffs and their counsel "that a continued failure to comply with the courts orders or appear at hearings (including the settlement conferences) may be grounds for monetary or other appropriate sanctions, including terminating sanctions" and requiring counsel to "inform Plaintiffs of the sanctions that this continued conduct risks, including possible monetary sanctions and, ultimately,

---

[4] Because Plaintiffs are "presumed to have voluntarily chosen the[ir] lawyer as [their] representative and agent, [they] ordinarily cannot later avoid accountability for negligent acts or omissions of [their] counsel . . . . a client is ordinarily chargeable with his counsel's negligent acts." *Tani*, 282 F.3d at 1168.

United States District Court
Northern District of California

United States District Court
Northern District of California

a case-dispositive sanction that would result in the dismissal of Plaintiffs case for failure to prosecute." Dkt. No. 160. There was no "threat of dismissal" pending at the time the settlement conference took place—only a warning to Plaintiffs and their counsel that they could face *some type* of sanctions *if* they failed to comply with court orders and appear at all hearings. Plaintiffs and their counsel appeared at the settlement conference as ordered; thus no sanctions would issue.

Third, contrary to Plaintiffs contention that their former counsel "coerced [Plaintiffs] into settling the matter" (*see* Mot. at 8), it does not appear this was in fact the case. The only basis for this assertion is their current attorney's representation, made on information and belief, that Plaintiffs' second attorney "used the threat of sanctions and dismissal to unduly influence[] Plaintiffs into settlement." Higginbotham Decl. ¶ 14. But when Judge Beeler summarized the terms of the settlement on January 10, 2014, Mrs. Reynoso confirmed she understood and accepted the terms of the settlement; Mr. Reynoso twice expressed his disappointment with the settlement amount, but confirmed he understood the terms—including his release of claims against Defendants—and confirmed he accepted those terms. There is no evidence Plaintiffs were not free to reject the settlement terms, secure a new attorney, and continue the prosecution of the action. Plaintiffs' unsupported assertion they felt coerced is insufficient to challenge the settlement. *See, e.g., McCormick v. Brzezinski*, 2010 WL 1463176, at *4-5 (E.D. Mich. Apr. 13, 2010) (rejecting plaintiff's argument she was "coerced" into settling and only did so under duress where plaintiff offered no facts showing duress or coercion: "Plaintiff, in the court's opinion, suffers from 'buyer's remorse' regarding the terms she agreed to during the settlement conference.")

Finally, even if they felt coerced to settle the matter in the manner they describe, as explained above, the Ninth Circuit in *Latshaw* held similar circumstances did not constitute gross negligence in the context of a Rule 68 judgment.

While Plaintiffs may have felt buyers' remorse after dismissing the case, especially when the officers who raided their homes were indicted on charges similar to those Plaintiffs alleged in their Complaint, "[a] failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)." *Bank of*

*New York*, 14 F.3d at 760; *see also Latshaw*, 452 F.3d at 1101 ("[m]isunderstanding an offer's terms is not the same as misunderstanding factors to be weighed in deciding to accept the offer, and the plaintiff understood the settlement terms when she signed the offer.").

## C.    Plaintiffs' Motion Is Untimely

To be timely, Plaintiffs were required to file this motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Reasonableness is a fact-dependent analysis, and courts evaluate a variety of factors, including "'the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties.'" *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)). Plaintiffs signed the Stipulation for Settlement on January 10, 2014. Dkt. No. 164 at 6. The parties submitted a stipulation of dismissal on May 20, 2014, which the Court granted the same day. Dkt. Nos. 167-68. Plaintiffs did not file this Motion until July 13, 2016, approximately 27 months after the dismissal was entered.

Plaintiffs fail to show an excusable reason for the delay. The reasons they provide—that former counsel failed to respond to their attempts to have him "pursue" the case after it was dismissed and to their "numerous . . . request[s to] set[] aside the settlement and dismissal" and that current counsel has struggled to rebuild their case because they were not able to obtain their case files—are unpersuasive. *See* Mot. at 10-33; Higginbotham Decl. ¶¶ 25-29. Even if they diligently attempted to convince their second attorney to pursue the matter, nothing prevented Plaintiffs from seeking new counsel to help them do so when their second attorney failed to respond to them. They cannot demonstrate that circumstances beyond their control prevented them from protecting their interests for 27 months. *Cf. Tani*, 282 F.3d at 1168.

Plaintiffs also fail to show they lacked the ability to learn earlier of the grounds on which they base their Motion. Plaintiffs argue they are entitled to relief because the officers who raided their homes were indicted and convicted of charges similar to the claims Plaintiffs asserted against them. Without addressing whether this factual development would constitute grounds for relief from judgment, the Court finds Plaintiffs fail to establish they lacked the ability to act upon these grounds in a timely fashion. The indictments against the officers were returned in February 2014,

United States District Court
Northern District of California

and Mrs. Reynoso even testified in the criminal proceedings in November 2014. *See* Higginbotham Decl. ¶¶ 15-21; *United States of America v. Furminger et al*., Case No. 14-cr-00102 CRB, Dkt. No. 145 (Nov. 14, 2014 trial minutes showing Mrs. Cayetana Reynoso appeared as witness).[5] At that point, Plaintiffs knew or should have known of the criminal charges against the officers they sued in this action. They fail to offer a valid excuse for waiting another 20 months before filing this Motion.

In light of the length and circumstances of the delay, the Court finds the 2.5 years that have elapsed since the case was settled, and the more than 2 years that have elapsed since it was dismissed, are not reasonable. *See e.g., In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (court's finding that unexcused 2-year delay in bringing Rule 60(b)(6) motion was unreasonable was not an abuse of discretion); *Morse–Starrett Prods. Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953) (court could not find motion filed 22 months after entry of judgment was made within reasonable time where movant did not offer sufficient explanation for delay); *Hogan v. Robinson*, 2009 WL 1085478, at *4 (E.D. Cal. April 22, 2009) (motion filed 18 months after entry of judgment and 2 years after plaintiffs learned their counsel was unable to represent them was untimely; plaintiffs could and did learn of grounds for relief but still failed to act in timely manner); *Swait v. Evans*, 2008 WL 4330291, at *5–6 (C.D. Cal. Sept. 22, 2008) (failure to proffer legally valid explanation for 2-year delay made motion untimely).[6]

---

[5] The Court grants the Federal Defendants' request to take judicial notice of the records in the criminal case. *See* Fed. Opp'n at 10 n.2; Fed. R. Evid. 201.

[6] It appears Plaintiffs argue the *Lal* Court granted relief from judgment where more than two years had elapsed after dismissal. *See* Opp'n at 10. That is incorrect: the district court dismissed Lal's case in February 2007; she discovered this development in October 2007, spent the next few months looking for an attorney without the cooperation of her original attorney, and managed to file her Rule 60(b)(6) motion in January 2008 – approximately 1 year after the dismissal. *See Lal*, 610 F.3d at 522-23. The district court denied Lal's Rule 30(b)(6) motion because the delay in bringing the motion substantially prejudiced defendants. The Ninth Circuit reversed, finding whatever deterioration in memory occurred in the ten months between the time defendants discovered the case was dismissed and the time Lal filed her Rule 60(b)(6) motion did not constitute sufficient prejudice to deny the motion. *Id*. at 526-27. The short delay, combined with the "wealth of evidence" in the form of witness interviews conducted at the time of the shooting, the internal investigation of the shooting, the recorded statements of the officers involved in the shooting, and the written contemporaneous statements of the defendants, convinced the Ninth Circuit the evidence in the case had not been compromised by the delay in bringing the motion.

United States District Court
Northern District of California

**CONCLUSION**

As explained above, the Court concludes that Rule 60(b)(6) does not provide Plaintiffs

relief from a judgment entered pursuant to the parties' settlement of their claims.  Accordingly, the

Court **DENIES** Plaintiffs' Motion to Set Aside the Judgment.

**IT IS SO ORDERED.**


Dated: August 16, 2016

_____

MARIA-ELENA JAMES
United States Magistrate Judge

Plaintiffs' argument that *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982), supports
their case (Opp'n at 10) is also unavailing.  In *Sparks*, the Ninth Circuit declined to consider the
merits of the Rule 60(b)(6) motion filed 14 months after dismissal, but noted the government
could have been more diligent in prosecuting the matter, and remanded the case because the
district court erroneously denied the motion based on an inapplicable statute of limitations.